THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUNNAN DUOBANG NETWORK TECHNOLOGY CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, <br><br> Defendant. | CASE NO. C23-1137-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion to vacate an arbitration award (Dkt. No. 17) and Defendant's cross-motion to confirm the award (Dkt. No. 20). Having thoroughly considered the relevant record, and finding oral argument unnecessary, the Court hereby DENIES Plaintiff's motion and GRANTS Defendant's motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff is a small business based in China who operated as third-party seller on Amazon.com between February and May of 2020. (Dkt. No. 1-1 at 3.) As a registration condition, Plaintiff agreed to Defendant's Business Solutions Agreement ("BSA"). (*Id.* at 4.) In May 2020, after receiving hundreds of complaints from customers who never received their orders, Defendant deactivated Plaintiff's account and withheld account funds pursuant to the

BSA. (*Id*. at 6, 10, 11.)[1] Plaintiff appealed the decision through Defendant's internal process, but apparently failed to comply with the requirement that the account's registered owner appear for an interview. (*Id.* at 7–8.) Accordingly, Defendant denied Plaintiff's appeal.

In January 2022, Plaintiff filed an arbitration demand with the American Arbitration Association ("AAA"). (Dkt. Nos. 20 at 8, 21-5 at 2.) Plaintiff argued, among other things, that the BSA clause permitting Defendant to withhold Plaintiff's funds was an unenforceable penalty clause, and that it was substantively unconscionable. (Dkt. No. 1-1 at 14.) Defendant countered that the clause was an enforceable liquidated damages provision. (*Id.*) After a hearing and briefing on the matter, the arbitrator sided with Defendant and issued an award denying Plaintiff's claims. (*Id.* at 14, 18.)

Plaintiff now moves this Court to vacate the arbitration award, arguing that the arbitrator manifestly disregarded the law on penalty clauses, and that the award violates public policy. (Dkt. No. 17 at 2.) In response, Defendant moves to confirm the award. (Dkt. No. 20 at 18.)

## II.   DISCUSSION

### A.   Vacatur Under the Federal Arbitration Act

Under the Federal Arbitration Act ("FAA"), the Court must grant an order confirming an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Review of the award is "both limited and highly deferential." *Poweragent Inc. v. Elec. Data. Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). Indeed, the FAA permits vacatur only where (1) "the award was procured by corruption, fraud, or undue means," (2) the arbitrators showed "evident partiality or corruption," (3) "the arbitrators were guilty of misconduct," or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a).

---

[1] Defendant did so based on what it viewed as the following indicia of fraud: (1) an over 1,100% spike in sales in two weeks; (2) a shift to sales of a COVID-19 related item from unrelated sales; (3) stalling tactics on delivery dates, which Defendant viewed as a tactic by Plaintiff to collect customers' money and then disappear without fulfilling orders, *i.e.*, "hit and run fraud;" (4) a negative customer feedback rating of 84%; and (5) over 600 disputes from customers who never received their orders. (*Id.* at 8.)

In this case, Plaintiff asserts that the arbitrator exceeded her powers in concluding that the BSA's liquidated damages clause was enforceable. (*See* Dkt. No. 17 at 2–3.) For purposes of the FAA, "arbitrators 'exceed their powers' . . . when the award . . . exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citations omitted). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010). Rather, "it must be clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Id.*

Here, Plaintiff falls far from showing a "manifest disregard of the law." As is evident from the record, the arbitrator identified and applied what both parties agree is the correct legal standard for evaluating a liquidated damages clause under Washington law. (Dkt. Nos. 1-1 at 14, 17 at 12.)[2] To the extent Plaintiff argues that the arbitrator applied the standard incorrectly (as opposed to applying the wrong standard), this does not constitute a "manifest disregard of the law," even if Plaintiff disagrees with the outcome. *See Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). Accordingly, the arbitrator did not exceed her powers and the Court rejects Plaintiff's effort to re-litigate issues duly decided by the arbitrator.

### B. Public Policy

Plaintiff also challenges the arbitration award on public policy grounds. (Dkt. No. 17 at 14.) An arbitration award violates public policy (and is thus unenforceable) where there is an explicit, well defined, and dominant policy that specifically militates against the relief ordered by the arbitrator. *Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc. 1877, AFL CIO*, 530 F.3d 817, 823 (9th Cir. 2008). The relevant public policy must be "ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests."

---

[2] Specifically, a liquidated damages clause "must be a reasonable forecast of just compensation for the harm that is caused by the breach," and "the harm must be such that it is incapable or very difficult of ascertainment." *Walter Implement, Inc. v. Focht*, 730 P.2d 1340, 1343 (Wash. 1987).

*W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983).

In arguing for vacatur, Plaintiff asserts Washington courts apply a firmly established public policy against the enforcement of penalties. (Dkt. No. 17 at 14–21.) This argument misses the mark. As stated above, the arbitrator determined that the BSA's liquidated damages clause was *not* a penalty. (Dkt. No. 1-1 at 14.) In insisting otherwise, Plaintiff essentially asks the Court to review the award *de novo* and conclude that the clause is a penalty. Such a review is impermissible. *See Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc. 1877, AFL CIO*, 530 F.3d 817, 823 (9th Cir. 2008) ("[I]n reviewing an arbitral award for possible violations of public policy . . . [a] court is not authorized to revisit or question the fact-finding or the reasoning which produced the award.") (citations omitted). And as Defendant correctly notes, (Dkt. No. 20 at 15–18), Washington public policy *favors* liquidated damages clauses. *See Ashley v. Lance*, 493 P.2d 1242, 1246 (1972) ("We have looked with favor on liquidated damages clauses.").

Finally, because Defendant moved to confirm the award and Plaintiff fails to establish that the award must be "vacated, modified, or corrected," confirmation is required. *See Kyocera*, 341 F.3d at 997.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the arbitration award (Dkt. No. 17) is DENIED and Defendant's cross-motion to confirm the arbitration award (Dkt. No. 20) is GRANTED.

DATED this 18th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE